### Chesapeake & Ohio Railway Company v. Coleman.

(Decided May 17, 1927.)

#### Appeal from Pike Circuit Court.

1. Master and Servant.—Railroad, as matter of law, held not liable for injury to trackman when he attempted to board small motor-driven car as it approached cattle guard after having been ordered by foreman to get off car and push it, since injury resulted from "ordinary hazards" of occupation, which are those arising without negligence on part of master.

2. Master and Servant.—Railroad is not chargeable with trackman's negligence, so as to be liable for his injury resulting therefrom.

BROWNING & REED and KIRK, KIRK & WELLS for appellant.

O. A. STUMP and FRANK P. DAMRON for appellee.

Opinion of the Court by Commissioner Sandidge—Reversing.

Appellee, W. E. Coleman, instituted this action against appellant, Chesapeake & Ohio Railway Company, to recover for personal injuries alleged to have been caused by appellant's negligence. The gist of the action is that appellee, a track laborer, under the supervision and direction of his foreman, was put to work in an unsafe place. Issue was joined, and the trial below resulted in a verdict and judgment for appellee in the sum of $1,000. The appeal is prosecuted from that judgment.

Appellant insists that under the facts appearing appellee made no case, and that it was entitled to a peremptory instruction at the close of the evidence. Consequently the facts must be summarized. The track foreman and a crew of men were engaged in repairing a switch. A small motor-driven car had been loaded with repair parts, and the foreman and appellee and three other workmen were proceeding on it to the switch to be repaired. While climbing a grade, the motor began missing, and we quote from appellee's testimony as to what followed and how he was injured:

"A. He (the foreman) told us to get off and to push the car until the motor would hit, and I got off when he told me, and I pushed it about 50 yards and came to a cattle guard, and it was the kind that had the stickers on it, and I knew if I ran across it that I would be hurt, or that it would hurt my feet, and I intended to step upon the car and ride across it, and then get back again and push, and I got hurt.

"Q. Who was the track foreman? A. John McKenzie.

"Q. Were you working under him? A. Yes, sir.

"Q. Did he direct you to get off and push this car? A. Yes, sir.

"Q. When you got off, had he directed you to get off? A. Yes, sir.

"Q. Were you on the natural grade, or on the grade of the railroad? A. I was on the railroad track.

"Q. Were you on the cattle guard nearly before you seen it? A. Yes, sir; and I intended to step on the car and ride across the cattle guard, and my foot slipped and I got hurt; but it would not have hap-

pened if it had not been for him telling me to get off.''

It further appears that appellee was on the right side of the car while he and the other laborers were pushing it, and that his injuries were caused by the rear wheel of the car running over one of his feet. While no bones appear to have been broken, his foot was considerably mangled, and he was disabled for work for a considerable period of time, suffered much pain from it, and had not entirely recovered at the time he testified. Two of the other laborers who were with appellee on this occasion testified for him. They pushed the car from the rear, and, when the cattle guard was reached, merely stopped and let it pass on; and neither of them appears to know just how appellee was injured, except that when the cattle guard was reached he undertook to climb onto the car and ride across, and was injured.

Under these facts, this court is unable to perceive any negligence upon the part of appellant, or its agent, for whose negligence it is answerable, that can be held to be the proximate cause of appellee's injuries. The argument made for appellee, as well as the cause of action pleaded in his petition, is that he was directed by the foreman to push the car at a place where it was unsafe for him to do so, because of the cattle guard. According to appellee's testimony, he was directed by the foreman to push the car when it was 150 feet from the cattle guard. The other witnesses testified that that occurred 75 yards, or 225 feet, from the cattle guard. Assuming that this direction by the foreman contemplated that appellee should continue to push the car the 150 feet before reaching the cattle guard and while crossing it, so that, if he had been injured while pushing the car across the cattle guard, the injury could be said to have resulted from the negligence of appellant's agent, the foreman, for which it is answerable, in directing him to do that work on the cattle guard, an unsafe place, we do not have that case presented.

From appellee's own testimony he does not appear to have been injured while doing the work he was directed to do by the foreman; that is, while pushing the car. When the cattle guard was reached, he realized that he might be injured if he pushed the car while crossing it, and he ceased to push the car. When he did so, he could have done as the other laborers appear to have done;

that is, he could have merely stopped, and let the car proceed across the cattle guard. He then could have selected his way around or across it in a manner wholly safe to himself. This he did not do, but chose to climb upon the car and ride it across the cattle guard. He did this on his own initiative and without any suggestion from the foreman. The plan he mapped out for himself was hazardous, or his execution of it was negligent, because in putting it into execution he was injured. It was his plan, however, voluntarily chosen by him, without suggestion or direction from any one.

There is no testimony tending in the least to establish negligence upon the part of appellant, or any of its agents, for whose negligence it is answerable. The injury can be said to have resulted only from the ordinary hazards of the occupation in which appellee was engaged, or from his own negligence. The ordinary hazards of an occupation are those which arise without negligence upon the part of the master. They inhere in the occupation being engaged in, and are assumed when the servant enters the service.

Appellant is not chargeable with appellee's negligence. There being a total failure of proof that appellee's injuries were the result of negligence upon the part of appellant or any of its agents, for whose negligence it is answerable, its motion for a directed verdict at the close of the testimony should have prevailed.

Judgment reversed, and cause remanded for proceedings consistent herewith.